UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH L BAKER,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W COLVIN,<br><br>  Defendant. | CASE NO. C14-5296 MJP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

THE COURT, after careful consideration of the Honorable Magistrate Judge Brian A. Tsuchida's Report and Recommendation (Dkt. No. 18), Plaintiff Deborah L. Baker's Objections to the Report and Recommendation (Dkt. No. 19), and Defendant Carolyn W. Colvin's Response to Plaintiff's Objections (Dkt. No. 20), ADOPTS the Report and Recommendation and DISMISSES this case with prejudice.

## Background

Deborah L. Baker ("Plaintiff") raises six objections to the Report and Recommendation ("R&R"):

1. The Magistrate Judge erred by finding that the ALJ's failure to discuss the earlier medical opinions of Dr. Wheeler, Dr. Neims, and Dr. Krueger was harmless error.
2. The Magistrate Judge erred by finding that the ALJ stated legitimate reasons for rejecting the medical opinions of Dr. Coder, Dr. Wheeler, and Dr. Tarantino and that the ALJ gave appropriate weight to the opinions of Dr. Postovoit and Dr. Eather.
3. The Magistrate Judge erred by finding that the ALJ was correct in giving significant weight to Dr. Bunnell's opinion.
4. The Magistrate Judge erroneously found that the ALJ properly rejected Plaintiff's credibility.
5. The Magistrate Judge erred by finding that the ALJ's failure to address Ms. Zimmer's statements was harmless error.
6. The Magistrate Judge erroneously found the ALJ's RFC finding was supported by substantial evidence.

(Dkt. No. 19 at 2-12.) Plaintiff requests that the Court decline to adopt the R&R and remand this case to the Commissioner for further proceedings. (Id. at 12.) The Court considers each of Plaintiff's objections in turn.

### Discussion/Analysis

**A. Legal Standard**

Under Federal Rule of Civil Procedure 72, the district judge must resolve de novo any part of the Magistrate Judge's R&R that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); See also 28 U.S.C. § 636(b)(1).

/

/

**B. Plaintiff's Objections to the Report and Recommendation**

    **1. Earlier Medical Opinions**

Plaintiff objects to the Magistrate Judge's finding that the ALJ's failure to discuss the earlier medical opinions of Dr. Wheeler, Dr. Neims, and Dr. Krueger was harmless error because Plaintiff contends the Magistrate Judge applied the incorrect legal standard in his harmless error analysis. (Dkt. No. 19 at 2.) Specifically, Plaintiff argues the Magistrate Judge was required to consider whether a "reasonable ALJ who properly evaluated this evidence could have reached a different disability determination." (Id. at 3) (citing Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006).) However, the Ninth Circuit clarified its holding in Stout in its later opinion Molina v. Astrue, 674 F.3d 1104 (9th Cir. 2012). In Molina, the Ninth Circuit explained that its holding in Stout was consistent with its prior harmless error cases and that the relevant inquiry is whether any error made by the ALJ was "inconsequential to the ultimate nondisability determination." Id. at 1117 (citing Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162-63 (9th Cir. 1993).)

Therefore, the Magistrate Judge applied the correct legal standard by inquiring whether the omitted, earlier medical opinions established limitations that the ALJ failed to consider. (Dkt. No. 18 at 6.) Further, the Magistrate Judge correctly found that while the ALJ erred by failing to discuss these earlier medical opinions, these earlier medical opinions are consistent with the later opinions of Dr. Coder, Dr. Wheeler, and Dr. Tarantino all of which the ALJ did consider. (Id.) Indeed while Plaintiff now argues that the earlier opinions that the ALJ failed to consider would have established additional limitations, in her opening brief, Plaintiff concedes that these earlier opinions are consistent with the later opinions of Dr. Coder, Dr. Wheeler, and Dr. Tarantino. (Dkt. No. 15 at 5) ("Although these medical opinions pre-date Baker's amended

alleged disability onset date, they are still significant because they are consistent with the more recent medical opinions of Dr. Coder, Dr. Wheeler and Dr. Tarantino.")  Therefore, the Magistrate Judge correctly found the ALJ's failure to address these opinions did not affect the ultimate nondisability determination and was harmless error.  Molina, 674 F.3d at 1117.

Plaintiff also takes issue with the Magistrate Judge's finding that the omitted medical opinions are of little relevance.  (Dkt. No. 19 at 4.)  Even if this finding were incorrect, it would be irrelevant because the Magistrate Judge found that the ALJ's failure to consider the earlier opinions was harmless error because these opinions were consistent with later medical opinions that the ALJ did consider.

**2. Dr. Coder, Dr. Wheeler, Dr. Tarantino, Dr. Postovoit, Dr. Eather**

Plaintiff objects to the Magistrate Judge's finding that the ALJ stated legitimate reasons for rejecting the medical opinions of Dr. Coder, Wheeler and Dr. Tarantino and that the ALJ gave appropriate weight to the opinions of Dr. Postovoit and Dr. Eather.  (Dkt. No. 19 at 4-8.)

**a. Dr. Coder**

Plaintiff first argues that the Magistrate Judge erroneously concluded that the ALJ's finding that Plaintiff was limited to "occasional changes in work setting or work processes" sufficiently accounted for Dr. Coder's opinion. (Dkt. No. 19 at 4.)  Plaintiff argues that the ALJ's finding does not fully account for Dr. Coder's opinion "that [Plaintiff] was impaired in her ability to adapt to even routine, occasional changes."  (Id.) (citing TR 16, 506.)  Plaintiff mischaracterizes Dr. Coder's opinion.  Dr. Coder opined that Plaintiff's "ability to adapt to routine changes is likely to be impacted by reported depressed mood, PTSD anxiety symptoms." AR 506 (emphasis added).  As such, the Magistrate Judge correctly concluded that the ALJ's finding regarding Plaintiff's limitations accounted for Dr. Coder's opinion. (Dkt. No. 18 at 7.)

ORDER ADOPTING REPORT AND
RECOMMENDATION- 4

1    Plaintiff then argues the Magistrate Judge erred by concluding that the ALJ's failure to
2 address Dr. Coder's finding "that [Plaintiff's] recent memory was poor and his opinion that
3 [Plaintiff's] GAF score was only 40" was not an error. (Dkt. No. 19 at 5.)  Plaintiff's argument
4 is without merit, because the Magistrate Judge correctly found that the ALJ "discussed all of the
5 GAF scores in the record and included Dr. Coder's recent memory findings in his summary of
6 the medical evidence." (Dkt. No. 18 at 8); see also AR 23.

7    Finally, Plaintiff argues that the Magistrate Judge erroneously concluded "that the ALJ's
8 failure to include any memory impairment in his residual functional capacity assessment was
9 harmless error." (Dkt. No. 19 at 5.)  The Magistrate Judge's conclusion was based on the fact
10 that "the VE testified that the jobs [Plaintiff] could perform with her RFC required only simple
11 and routine tasks." (Dkt. No. 18 at 8.)  Plaintiff argues: (1) that this is an improper post hoc
12 rationalization; and (2) that per the Dictionary of Occupational Titles, the occupations the VE
13 found Plaintiff can perform would require Plaintiff to carry out detailed instructions and not
14 perform simple and routine tasks. (Dkt. No. 19 at 5.)

15    The Court disagrees with Plaintiff's argument that the Magistrate Judge engaged in
16 improper post hoc rationalization.  The Magistrate Judge looked to the VE's testimony to
17 establish if the ALJ's failure to include RFC limitations accounting for Plaintiff's deficits in
18 memory was harmless error. (Dkt. No. 18 at 8.)  This is not post hoc rationalization.  Likewise,
19 Plaintiff's second contention does not establish that the Magistrate Judge erred by relying on the
20 VE's testimony.  The ALJ concluded that the VE's testimony was "consistent with the
21 information contained in the Dictionary of Occupational Titles (DOT)" and that to the extent that
22 the VE's testimony deviated from the strict wording of the DOT, the VE "testified that his

1  testimony is based on his professional experience." AR 28.  Further, the ALJ found that even if

2  Plaintiff were more limited, "she would still be able to perform the occupations identified." Id.

3       **b.  Dr. Wheeler**

4       Plaintiff first argues that the Magistrate Judge erred by concluding that the ALJ could

5  reject Dr. Wheeler's April 2011 opinion because it was inconsistent with the opinions of Dr.

6  Coder. (Dkt. No. 19 at 5.)  The Magistrate Judge adequately addressed this argument and found

7  the ALJ provided at least one specific and legitimate reason for rejecting Dr. Wheeler's 2011

8  opinion. (Dkt. No. 18 at 9.)  Plaintiff's objection to the R&R fails to point out any error in the

9  R&R.

10       Plaintiff then argues the Magistrate Judge incorrectly found that the ALJ's failure to

11  provide any valid reason to reject Dr. Wheeler's 2012 opinion that Plaintiff "would be a

12  significant distraction to coworkers and customers" was harmless error. (Dkt. No. 19 at 6.)  The

13  Magistrate Judge found that this was harmless error because the jobs identified by the VE at step

14  five "involve no interaction with coworkers or the public." (Dkt. No. 18 at 10.)  Plaintiff argues

15  this is factually incorrect because the jobs the VE found involve "occasional superficial contact

16  with coworkers or the general public." (Dkt. No. 19 at 6) (citing AR 84).  This is incorrect.  The

17  VE testified that other than occasional supervision, there would be no interaction with coworkers

18  or the public required to perform the occupations identified.  AR 86.

19       Plaintiff's final argument is that the Magistrate Judge erred by concluding that the ALJ

20  provided specific and legitimate reasons for discounting Dr. Wheeler's 2013 opinion. (Dkt. No.

21  19 at 6.)  The Magistrate Judge adequately addressed this argument and found the ALJ provided

22  two specific and legitimate reasons for rejecting Dr. Wheeler's 2013 opinion: (1) Dr. Wheeler's

23  opinion that Plaintiff was "severely" limited in her ability to request assistance was inconsistent

24

with her ability to access DSHS services and Section 8 housing vouchers; and (2) that Dr. Wheeler's 2013 opinion was inconsistent with her 2012 opinion. (Dkt. No. 18 at 10-11.) Plaintiff first argues the fact that Plaintiff successfully applied for public housing does not prove that she is not limited in her ability to request assistance. (Dkt. No. 19 at 6-7.) The Magistrate Judge correctly found that the ALJ could reject Dr. Wheeler's opinion because it was inconsistent with Plaintiff's level of activity. (Dkt. No. 18 at 10-11.) While Plaintiff may take a different reading of the evidence, Plaintiff does not show the ALJ committed error. Plaintiff's second argument is that the ALJ's opinion stated that Dr. Wheeler's "2013 opinion does not address changes since her 2012 examination" and that the Magistrate Judge incorrectly paraphrased the ALJ's opinion. (Dkt. No. 19 at 7.) Because the ALJ's statement was made in the context of explaining why Dr. Wheeler's opinion was given little weight, this paraphrasing is not relevant. AR 25-26.

    **c. Dr. Tarantino**

Plaintiff argues the Magistrate Judge erred by finding that the ALJ provided two specific and legitimate reasons for rejecting Dr. Tarantino's opinion. (Dkt. No. 19 at 7.) The Magistrate Judge found the ALJ gave the following specific and legitimate reasons for rejecting Dr. Tarantino's testimony: (1) Dr. Tarantino's assessment of Plaintiff's limitations in her ability to do tasks involving ongoing concentration was inconsistent with her testimony that she can use a computer for five to six hours a day; and (2) Dr. Tarantino's opinion was based heavily on Plaintiff's subjective reports. (Dkt. No. 18 at 12.) The Magistrate Judge adequately addressed Plaintiff's contention that these are not specific and legitimate reasons. (Id. at 12-13.)

Plaintiff also argues that the Magistrate Judge did not address her argument "that the fact that Dr. Tarantino did not review the entire record is not a legitimate reason to reject her opinion

. . ." (Dkt. No. 19 at 8.) However, the Magistrate Judge correctly found that "because the ALJ gave at least two specific and legitimate reasons, supported by substantial evidence, to reject Dr. Tarantino's opinion, any other error in the ALJ's consideration of the opinion would be harmless." (Dkt. No. 18 at 13.)

### d. Dr. Postovoit and Dr. Eather's Opinions

Plaintiff argues that Dr. Postovoit and Dr. Eather's opinions are entitled to less weight than the opinions of her examining psychologists since they did not review all of the medical evidence. (Dkt. No. 19 at 8.) The Magistrate Judge adequately addressed this argument and found Plaintiff failed to articulate how any error regarding the weight assigned to these opinions would be harmful. (Dkt. No. 18 at 13-14.) Plaintiff's objection to the R&R fails to point out any error in the R&R.

### 3. Dr. Bunnell's Opinion

Plaintiff contends the ALJ should not have given significant weight to Dr. Bunnell's opinion because his opinion is inconsistent with his clinical findings. (Dkt. No. 19 at 8.) The Magistrate Judge adequately addressed this argument and found that the ALJ was responsible for resolving conflicts in the medical record and that because Plaintiff simply disagrees with the ALJ's interpretation of the evidence, she fails to provide a reason to invalidate the ALJ's decision. (Dkt. No. 18 at 15.) Plaintiff's objection to the R&R fails to point out any error in the R&R.

### 4. Credibility Findings

Plaintiff argues the Magistrate Judge erroneously found that the ALJ properly rejected Plaintiff's credibility. (Dkt. No. 19 at 9.)

1  Plaintiff first argues that the Magistrate Judge "applies [sic] an incorrect legal standard in
2  his analysis of the ALJ's reasons for rejecting [Plaintiff's] testimony" because the ALJ could
3  only find Plaintiff not credible by "making specific findings as to credibility and stating clear and
4  convincing reasons for each." (Dkt. No. 19 at 9) (citing Garrison v. Colvin, 759 F.3d 995 (9th
5  Cir. 2014).) The Magistrate Judge adequately addressed this argument and found that, contrary
6  to Plaintiff's assertion, Garrison did not overrule the harmless error principles articulated in
7  Carmickle. (Dkt. No. 18 at 4, n1.)

8  Plaintiff's second argument is that the ALJ should not have rejected her testimony about
9  her physical and mental limitations because she failed to complain to her physicians about the
10 difficulty she has reaching up. (Dkt. No. 19 at 9.) The Magistrate Judge adequately addressed
11 this argument and found that the ALJ could properly reject Plaintiff's subjective testimony
12 because she never reported such limitations. (Dkt. No. 18 at 2-3.)

13 Plaintiff then argues the Magistrate Judge erred by finding the ALJ could reject all of
14 Plaintiff's testimony because Plaintiff received little treatment for her physical impairments.
15 (Dkt. No. 19 at 10.) Plaintiff first contends that there is no evidence treatment would have cured
16 her impairments or improved her symptoms enough so that she could work. (Id.) The
17 Magistrate Judge adequately addressed Plaintiff's contention that there is no evidence treatment
18 would have cured her symptoms and found that the relevant inquiry was whether treatment
19 would have improved Plaintiff's symptoms such that she could work. (Dkt. No. 18 at 3.) While
20 Plaintiff now argues there is no evidence treatment would have improved her symptoms, Plaintiff
21 did not make this argument in her opening brief. (Dkt. No. 15 at 15.) Further, contrary to
22 Plaintiff's assertion, the record shows many of Plaintiff's impairments improved with treatment.
23 See e.g. AR 19 ("She also reported . . . that the Advair was helpful in controlling her symptoms,
24

ORDER ADOPTING REPORT AND
RECOMMENDATION- 9

but that she no longer takes Advair . . . [S]he reported . . . her topical medications . . . are effective in minimizing her symptoms . . .")

Plaintiff's second contention is that she did seek treatment for her physical impairments, including pain, and that it was therefore improper for the ALJ to reject her testimony. (Dkt. No. 19 at 10.) However, this argument is undermined by Plaintiff's statement in her opening brief that she "has received little treatment." (Dkt. No. 15 at 15.) Plaintiff also argues that while her failure to seek treatment may have been a clear and convincing reason to reject her testimony regarding her physical limitations, it was not a valid reason to reject her testimony regarding her mental limitations. (Dkt. No. 19 at 11.) Plaintiff cites to no authority that would require the ALJ to specifically assess the credibility of each of her statements in this manner.

Finally, Plaintiff argues the Magistrate Judge mischaracterizes the legal standard set forth in the Ninth Circuit's opinion in Carmickle. (Dkt. No. 19 at 11.) The Court disagrees with Plaintiff because while the Magistrate Judge did not quote the standard verbatim, the Magistrate Judge applied the correct legal standard and found that because the ALJ gave two clear and convincing reasons for discounting Plaintiff's credibility that were supported by substantial evidence, any other errors alleged by Plaintiff do not warrant reversal. (Dkt. No. 18 at 4.)

**5. Ms. Zimmer's Statements**

Plaintiff argues the Magistrate Judge erred in finding the ALJ's failure to address Ms. Zimmer's lay testimony was harmless error and that the Magistrate Judge engaged in post hoc rationalization. (Dkt. No. 19 at 12.) The Magistrate Judge adequately addressed Plaintiff's argument regarding Ms. Zimmer's testimony and found the ALJ's failure to address Ms. Zimmer's testimony was harmless because Ms. Zimmer's testimony was contradicted by the

1  credited opinions of Dr. Gaffield and Dr. Bunnell. (Dkt. No. 18 at 16.) This is not post hoc
2  rationalization. Plaintiff's objection to the R&R fails to point out any error in the R&R.

3  **6.  RFC Finding**

4  Plaintiff argues that the Court should hold that the ALJ's RFC finding is erroneous
5  because the ALJ did not properly consider relevant medical opinions, testimony from Plaintiff,
6  and lay witness testimony, among other things. (Dkt. No. 19 at 12.) Because the Magistrate
7  Judge correctly found the ALJ did not err in these respects, the Court does not consider this
8  argument. (Dkt. No. 18 at 17.)

**Conclusion**

10  The Court ADOPTS the Report and Recommendation. The Commissioner's decision is
11  AFFIRMED and the case DISMISSED with prejudice.

13  The clerk is ordered to provide copies of this order to all counsel.
14  Dated this 10th day of February, 2015.

Marsha J. Pechman
United States District Judge